# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-420V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JOY HOUSTON,                         *
                                     *         Chief Special Master Corcoran
              Petitioner,            *
                                     *
       v.                            *         Filed: November 3, 2021
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Kristi Suzanne Schubert,* Lamothe Law Firm, LLC, New Orleans, LA, Petitioner.

*Darryl R. Wishard,* U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On March 22, 2018, Joy Houston filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she had experienced vaccine-induced Chronic Inflammatory Demyelinating Polyneuritis ("CIDP") after the administration of the tetanus/diphtheria/pertussis ("Tdap") on October 6, 2016, and/or the Measles, Mumps and Rubella II ("MMR") vaccine on October 17, 2016. Petition (ECF No. 1) at 1–3. An Entitlement Decision was filed on August 19, 2021, finding that the Plaintiff did not meet her burden in showing by a preponderance of evidence that the Tdap vaccine can cause CIDP

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

(Tdap is what the expert focused upon and what the result was ruled upon). Decision, dated Aug. 19, 2021, at 1 (ECF No. 48) ("Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 25, 2021 (ECF No. 52) ("Motion"). Petitioner requests a total of $42,882.37 in attorney's fees and costs for the work of one attorney, Ms. Kristi Schubert, and one paralegal. ECF No. 52-5. Respondent reacted to the fees request on October 26, 2021. *See* Response, dated Oct. 26, 2021 (ECF No. 53) ("Response"). Respondent allows that Petitioner has met the statutory requirements for an award, but leaves to my discretion the calculation of a reasonable amount. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$40,537.37**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Special masters are not, however, *obligated* to award fees to unsuccessful claimants once reasonable basis is established.

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard

2

that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

After review of the filings and briefs offered in support of or against the claim, I determined that Petitioner had not met her burden in establishing that the Tdap vaccine could cause CIDP, or did so to her. Decision at 1–2. Nevertheless, the core facts bearing on the case, such as the nature of Ms. Houston's injury, were corroborated by medical records and other evidence. In addition, one treater, Dr. Cornell Rogers, offered a reasonable causation opinion in support of her claim. *Id.* at 2–7, 24. And I do not otherwise find that the claim that the Tdap vaccine can cause CIDP has been considered enough times in the Program to deem it, at the outset of filing, likely to "fail," such that the decision to pursue such a claim should not be rewarded, Thus, the claim had sufficient reasonable basis despite its final disposition, and there is no other grounds for refusing Petitioner's request for a final fees award.

## II.  Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | **2017** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|---|
| **Ms. Kristi Schubert** | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 |
| **Paralegal** | $140.00 | $150.00 | $150.00 | $150.00 | $150.00 |

ECF No. 52-5. Ms. Schubert practices in New Orleans, Louisiana—a jurisdiction that has been deemed "in forum," thus entitling her to the rates established in *McCulloch* and since refined by the Office of Special Masters' Fee Schedule. *See Forrest v. Sec'y of Health & Hum. Servs.*, No. 10-32V, 2018 WL 3029330, at *2 (Fed. Cl. Spec. Mstr. May 22, 2018).[4] Her requested rates are in general accordance with that fee schedule.

Despite the above, some rate adjustments are appropriate. Ms. Schubert was admitted to practice in 2009, putting her within the 11–19 years of experience range. But this appears to be her first Vaccine Act claim, and although she has a second pending, this decision will be the first instance in which she is awarded fees for Program work. Under such circumstances, it is appropriate to compensate her in the middle of the relevant ranges, to account for her lack of seasoned expertise with vaccine injury cases.

Thus, starting in 2017 (the first year in which work was performed on this matter), based on the fee table Ms. Schubert would have eight years of overall experience as an attorney, entitling her to an hourly rate within the range of $281.00–$358.00. I find a suitable hourly rate for a comparably-experienced attorney with no prior Vaccine Act expertise to be $300.00 per hour. Based upon that initial determination, I will permit an eight percent rate increase for each relevant subsequent year. This will put Ms. Schubert roughly in the middle of the range set forth for the relevant periods (and is overall consistent with the increase she requests). The resulting rates to be awarded for her work are as follows:

|  | **2017** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|---|
| **Ms. Kristi Schubert** | $300.00 | $324.00 | $350.00 | $378.00 | $408.00 |

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 29, 2021).

Because of the above, the fees to be awarded herein are somewhat less than calculated by Petitioner. In 2017, Ms. Schubert billed 14.8 hours, entitling her under the new rate to $4,440.00. For 2018, 8.9 hours were billed, resulting in $2,883.60. For 2019, I will award $2,065.00 (for 5.9 hours); for 2020, $5,972.40 (for 15.8 hours); and for 2021, $2,244.00 (for 5.5 hours). This comes to a total of $17,605.00, instead of the requested $18,795.00.

The requested paralegal rates, however, are consistent with Program practice, and I will award them in full. They total $2,565.00, so when added to the fees based on my recalculation of Ms. Schubert's rates, Petitioner will receive $20,170.00, for attorney and paralegal fees.

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $21,522.37 in costs incurred since the claim's filing, including medical record retrieval costs, filing fees, postage, and expert fees incurred by work performed by Dr. Rogers. *See* Ex. B to Motion (ECF No. 52-2) at 1, 10, 31. Dr. Rogers charged three different rates for a few instances of different kinds of work—$650.00 per hour for a telephone conference (0.5 hours), $430.00 per hour for work on his report (1.0 hours), and $325.00 per hour for a telephone conference (0.5 hours). *Id.* at 10. This totaled to $755.00. *Id.* Otherwise, for the primary work performed to create the report itself he charged $430.00 per hour, spending 40 hours for a total of $17,200.00. *Id.*

Dr. Rogers's report was helpful in resolving the matter, but as a new expert he does not warrant a rate higher than $400.00 per hour (and Petitioner has not otherwise defended the variable or higher rates he requests). Overall, Dr. Rogers charged a total of 42 hours of work. Based on a $400.00 rate, he will be awarded a total of $16,800.00, instead of $17,955.00.

Finally, I will award the remainder of litigation costs requested. Medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement. Mailing and Distribution costs are also typical, and I do not find any of these costs unreasonable. The total amount of these costs is $3,567.37, and when included with Petitioner's expert costs, entitle her to $20,367.37 in costs.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$40,537.37,** reflecting $20,170.00 in attorney's fees and $20,367.37 in costs, in the form of a check made jointly payable to Petitioners and their attorney Ms. Kristi Schubert. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.